JAMES B. HORTON, PLAINTIFF, v. AMERICAN INSTITUTF FOR MENTAL STUDIES *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided October 7, 1977.

Ms. *Florence Davidow* for plaintiff (*Messrs. Davidow & Davidow,* attorneys).

Mr. *Frank G. Basile* for defendant American Institute for Mental Studies (*Messrs. Kavesh & Basile,* attorneys).

Mr. *Lewis April* for third-party defendant Adams & Rehmann (*Messrs. Cooper, Perskie, Katzman, April, Niedelman & Wagenheim,* attorneys).

MILLER, J. C. C., Temporarily Assigned. This summary judgment motion is brought by the owners of land upon which plaintiff was injured by a cave-in of a ditch during the installation of a sanitary sewer system. Following such injury, plaintiff made claim against numerous defendants upon varying theories of legal liability, but the landowner is the only one herein considered.

Under the law previously construed, the landowner was generally entitled to be let out. *Wolczak v. National Electric Products Corp.,* 66 *N. J. Super.* 64, 71 (App. Div. 1961). However, the recent case of *Bortz v. Rammel,* 151 *N. J. Super.* 312 (App. Div. 1977), has cast more than a little doubt upon the feasibility of this principle in the light of current legislation. In *Bortz,* the court held in a general contractor in a suit by an injured employee of a sub-contractor. This it did in view of the terms of the Construction Safety Act, *N. J. S. A.* 34:5-166 *et seq.,* and the Construction Safety Code, *N. J. A. C.* 12:180-1.1 *et seq.*

While in *Bortz* the court let out the owner and held in a general contractor, it did so because the landowner there had engaged an independent contractor, relying solely on that contractor's expertise and judgment and retaining no control

to itself. The court felt however, that a jury may consider whether the contractor might or should have known of the proper safety procedures applicable therein, and if so, actionable negligence might be inferred.

 It should be noted that in the instant case *N. J. A. C.* 12:180–3.2 reads as follows:

Employers, *owners*, contractors, subcontractors, superintendents or foremen in charge, and other persons obligated by law shall not direct, or permit an employee to work under conditions which are not in compliance with this Chapter or which are prohibited by this Chapter. [Emphasis supplied]

It is in its plain terms equally applicable to owners. True, in the instant case the owner may well be blameless, as in *Bortz*, but here there is some indication that the owner participated in the design and management of the project in such a manner as to show some control on its part. Thus, the size and location of the trench was to some extent dictated by the owner's interest in sparing trees and shrubbery. Likewise, a fact question exists as to the knowledge (and consequent duty to warn) by the owner of the condition of the subsoil. Further, some question exists as to whether defendant AIMS retained a consulting engineer to supervise the work or did so itself. The contract, as is customary, defines many duties required of such a functionary, and it is by no means clear whether he existed or not. If not, such duties may well have devolved on defendant by default. The sum total of all of the above is that sufficient factual issues remain unresolved to inhibit the court from granting summary judgment.

AIMS, in its supplemental brief, argues that *Bortz* held the owner in that case not liable and further pointed out that the law remained as stated in *Majestic Realty Associates, Inc. v. Toti Contracting Co.*, 30 *N. J.* 425 (1959). While in a philosophical sense this is true, the fact remains that *Majestic* and *N. J. A. C.* 12:180–3.2, when read together, imposed liability upon an owner who either supervises the work himself or retains some means of control over

it. In the instant case one suspects that plaintiff will bear a heavy burden when attempting to establish such facts, but there is sufficient in the case to allow him to try.

The motions for summary judgment in favor of AIMS are therefore denied.